UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ONE WELLINGTON PLACE OF BEAUMONT OWNERS ASSOCIATION, INC. <br> **Plaintiff,** <br><br> V. <br><br> ACCEPTANCE INDEMNITY INSURANCE COMPANY <br><br> **Defendants,** | ) <br> ) <br> ) <br> ) <br> ) <br> )       CIVIL ACTION NO. <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND**

**NOW COMES**, Plaintiff, ONE WELLINGTON PLACE OF BEAUMONT OWNERS ASSOCIATION, INC., and files this Original Complaint and Jury Demand, and respectfully shows the Court the following:

**I. PARTIES**

1. Plaintiff, **ONE WELLINGTON PLACE OF BEAUMONT OWNERS ASSOCIATION, INC.** also known as **One Wellington Place** organization located at 1620 Wellington Place, Beaumont, TX 77706 in Jefferson, County, Texas.

2. Defendant, **ACCEPTANCE INDEMNITY INSURANCE COMPANY,** is a surplus lines insurance company incorporated in the State of Nebraska, who has its principal place of business in Raleigh, North Carolina. Defendant regularly conducts business within the state of Texas. This Defendant may be served with process at 1314 Douglas Street, Suite 1600, Omaha, Nebraska 68102.

**II. JURISDICTION AND VENUE**

3. This Court has personal jurisdiction over Acceptance Indemnity Insurance Company

("Acceptance") because they sold insurance throughout the state of Texas. As such Acceptance has purposefully established "minimum contacts" with the forum state and the exercise of jurisdiction comports with "fair play and substantial justice." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76, 105 S.Ct. 2174, 2183-84 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92, 100 S.Ct. 559, 564 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).

4. This Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because, on information and belief, there is diversity of citizenship between the Plaintiff and Defendant Acceptance Indemnity Insurance Company, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Texas, which is located in this District.

### III. FACTS

6. On or about August 26, 2017, One Wellington Place HOA sustained losses at 1620 Wellington Place, Beaumont, Texas. At the time, One Wellington Place HOA was insured by Acceptance Indemnity Insurance Co ("Acceptance") under Policy No.: CP00194068. The date of loss was noted to be August 26, 2017.

7. On or about August 31, 2017, a loss was reported to Acceptance for roof damage that had then caused water damage to the interior. Acceptance issued a claim number 194068365282. United Claims Service was assigned to inspect the building. The property ultimately was inspected by a field adjuster.

8. On April 17, 2018 a denial of coverage letter was sent by Acceptance Indemnity Insurance Co ("Acceptance") stating that there was "no evidence of covered damage to the roof or exterior

resulting in interior water damage to the buildings at 1620 Wellington Place Beaumont, TX 77706."

9. Acceptance's position was that the policy provisions did apply with respect to the claim being presented; however, they disclaimed coverage for the damages incurred and contended that One Wellington Place is not entitled to the benefits under the policy.

10. Plaintiff sent a demand letter on February 15, 2019, along with an Estimate provided by Loss Solutions, that outlined the necessary repair, scope, and reasonable pricing associated with the damages sustained to the exterior roofing from the Hurricane Harvey weather event.

11. In response, Acceptance did a re-inspection of One Wellington Place on April 15, 2019 citing some shingle damage, but claimed no wind damage was found.

12. The inspection company that did the re-inspection, Boyd, Inc. stated that the only losses were to shingles and placed the damage value at $2,536.67—which is below the deductible.

13. At all times relevant, Plaintiff was and is entitled to benefits under their Acceptance Indemnity Insurance Company Policy as it specifically covered Plaintiff's dwelling, other structures, and personal property for damages caused by covered perils, including hurricanes like Harvey, windstorms, and hail. Further, the Policy provided Acceptance Indemnity Insurance Company would pay the replacement cost value ("RCV") to repair and/or replace the damages caused by a covered peril.

14. Acceptance Indemnity Insurance Company undervalued and underestimated Plaintiff's covered damages. Their defective investigation did not even meet the minimum standards of performance pursuant to industry standards, or Sections 21.203 and 21.205 of the Texas Administrative Code, applicable law, or otherwise. TEX. ADMIN. CODE ::21.203, 21.205. The inadequacy of Acceptance Indemnity Insurance Company's inspection is evidenced by the fact that they did not include the full extent of Plaintiff's roof and other damages.

15. The Policy between Plaintiff and Acceptance Indemnity Insurance Company covered the

damages to Plaintiff's Property caused by Harvey; therefore, Plaintiff is entitled to receive all Policy benefits. There is no question that Acceptance Indemnity Insurance Company accepted coverage minimally as to the roof as well as other items that were undervalued, Acceptance undervalued the majority of damaged items, as well as denying others without merit. As a result, resolution of Plaintiff's claim was delayed by the deficient and improper claims handling by Acceptance Indemnity Insurance Company.

16. By wrongfully undervaluing damages to avoid payment to Plaintiff, and wholly failing to properly handle their Claim, Acceptance Indemnity Insurance Company breached the duty of good faith and fair dealing owed to Plaintiff as an insured under an insurance contract. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and Prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987). Because an insurer has the ability and more easily can take advantage of the insured due to an insurer having exclusive control over the evaluation, processing, and denial of claims, insurance companies and their policies present an inherent "unequal bargaining power." In legal terms, this unlevel playing field results in a "special relationship" between an insurer and insured and further justifies a position of a common-law duty on insurers to deal fairly and in good faith with their insureds.

17. Acceptance Indemnity Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing. Plaintiff, therefore, is entitled to recover Policy benefits as actual damages for Acceptance Indemnity Insurance Company's breach of the common law duty of good faith and fair dealing.

18. Acceptance Indemnity Insurance Company's conduct was not only a breach of its common law duty to deal fairly and in good faith with the Plaintiff based on this "special relationship" between the parties, but also constitutes a breach of the insurance contract between Acceptance

Indemnity Insurance Company and Plaintiff. The policy in effect between Plaintiff and Acceptance Indemnity Insurance Company is a contract wherein the insurance company, Acceptance Indemnity Insurance Company, offers to provide insurance coverage services in exchange for the policyholder's payment of annual premium amounts in consideration of the contract. Pursuant to Texas law, either party to the contract can initiate legal action against the other for violations of that contract that caused damages. A breach of contract claim is distinct and independent from a tort and other claims such as a breach of the duty of good faith and fair dealing, as well as a violation of statutory or other extra-contractual claims. Tort and contract causes of action in an insurance context are separate and independent, yet they are factually interwoven, and the same evidence is often admissible on both claims.

19. Here, Acceptance Indemnity Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of their Policy. More specifically, but without limitation, Acceptance Indemnity Insurance Company refused to pay the full proceeds of the Policy, although due notice was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery under the Policy had been carried out and accomplished by Plaintiff.

20. Here in Texas, the vast majority of insurance policies, including Acceptance Indemnity Insurance Company's Policy contract with Plaintiff, do not account for an insurance company's, and/or its representative's, (potentially improper) acts or omissions undertaken through their handling of a claim; which incidentally affect the duration and outcome of the Claim, and otherwise result in the policyholder's detriment. To account for such acts and omissions that fall outside the four-corners of the contract language (but nonetheless affect the claim and/or detrimentally harm the policyholder), the Texas Legislature in 1973, enacted the Texas Deceptive Trade Practices-Consumer Protection Act (hereafter referred to as "DTPA") to Protect consumers against false,

misleading, and deceptive business practices, unconscionable actions…and to provide efficient and economical procedures to secure such protections." TEX. BUS. & COM. CODE §17.44. Specifically, the Texas DTPA provides that a consumer may maintain an action where an insurance company (or one of its employees or agents) commits an act or practice in violation of Chapter 541 of the Texas Insurance Code. TEX. BUS. & COM. CODE §17.50.  These enumerated acts (as found within Chapters 541 and 542 of the Texas Insurance Code) are generally not included within the written contractual terms of the insurance policy. These two bodies of law (contract and tort) are neither overlapping, nor mutually exclusive. Rather, they are entirely independent issues under independent bodies of law with unique causes of action and damages available.

21.     Likewise, Texas Legislators specifically created and enacted the Texas Insurance Code to protect consumers, like Plaintiff, and regulate insurance professionals, like Defendant, because the language of insurance policy contracts (without more) was not properly serving those functions. Chapters 541 and 542 of the Texas Insurance Code include duties and obligations that any person or entity engaged in the business of insurance in the State of Texas must follow. Those duties and obligations are wholly independent of those for which an insurer may be contractually responsible. Specifically, Chapter 541 of the Texas Insurance Code states that "the purpose of this chapter is to regulate trade practices in the business of insurance by: (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices. Chapters 541 and 542 of the Texas Insurance Code describe the various claims settlement practices, among extensive other rules and requirements with which anyone engaged in the business of insurance in the State of Texas must comply and not violate; as well as deceptive, unfair, and prohibited practices that anyone engaged in the business of insurance in the State of Texas must not engage in or undertake. Insurance policies in Texas, such as Plaintiff's insurance policy with Acceptance Indemnity Insurance Company, are

silent as to these statutory provisions.

22. Acceptance Indemnity Insurance Company voluntarily assumed a non-contractual obligation to inspect and value Plaintiff's damages, thereby causing its conduct to be governed in a tort setting, by the applicable provision of the Texas Insurance Codes. However, Acceptance then failed to comply with its obligations and duties under the law for inspecting and valuing covered losses, and likewise failed to perform its contractual duty to adequately compensate Plaintiff for monies owed to them under the Policy.

23. More Specifically, but without limitations, Acceptance Indemnity Insurance Company, violated Chapter 541 of the Texas Insurance Code by misrepresenting to Plaintiff that the majority of their Harvey damages were not covered under the Policy, even though the damages this residence sustained was cause by a covered occurrence. Acceptance Indemnity Insurance Company further violated the Texas Insurance Code by undervaluing and under-scoping the damages Plaintiff incurred. Acceptance Indemnity Insurance Company's misrepresentations caused Plaintiff to suffer "actual damages" which, under the Insurance Code, are recoverable at common law. "Actual Damages" include benefit-of-the-bargain damages, commonly referred to as policy benefits, which signify the difference of the value represented and the value received. Acceptance Indemnity Insurance Company's conduct, as described above, constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices under TEX. INS. CODE §541.060(a)(1).

24. Insureds like the Plaintiff can recover actual damages for extra-contractual claims such as Chapter 541 violations under the Texas Insurance Code, and bad faith claims. The actual damages are the Policy benefits to which insureds like Plaintiff were entitled, and that should have been properly paid by insurers like Acceptance Indemnity Insurance Company, but were not. Plaintiff therefore, is entitled to recover Policy benefits as actual damages for Defendant's violations of this section of the Texas Insurance Code.

25. Acceptance Indemnity Insurance Company also failed to make an attempt to settle Plaintiff's Claim in a prompt, fair, and/or equitable manner, although they were aware of their liability to Plaintiff. As such, Acceptance Indemnity Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices under TEX. INS. CODE §541.060(a)(2)(A). Specifically, Acceptance Indemnity Insurance Company's failure to properly investigate, giving their undervaluation of the Claim, and conduct otherwise, caused Plaintiff to lose Policy benefits to which they were entitled to recover. Plaintiff is entitled to recover policy benefits as actual damages for Defendant's violation of this section of the Texas Insurance Code. *Id.*

26. Acceptance Indemnity Insurance Company failed to explain to Plaintiff the reasons for their offer of an inadequate settlement, and failed to explain the reason why full payment was not being made. Furthermore, Defendant neither communicated that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor provided any explanation for the failure to adequately settle Plaintiff's Claim. As such, Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices under TEX. INS. CODE §541.060(a)(3). Defendant's conduct caused Plaintiff to suffer actual damages and lose Policy benefits to which they were entitled, and which should have been paid initially by Defendant. Plaintiff therefore, is entitled to recover Policy benefits as actual damages, as well as attorney's fees, and costs for Defendant's violation of this section of the Texas Insurance Code.

27. Furthermore, Acceptance Indemnity Insurance Company failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely written acceptance or rejection of their full and entire claim from Defendant. As such, Defendant's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices under TEX. INS. CODE §541.060(a)(4). Acceptance Indemnity Insurance Company's conduct caused

Plaintiff to suffer actual damages and lose policy benefits to which they were entitled, and which should have been paid by Acceptance Indemnity Insurance Company. Plaintiff therefore, is entitled to recover Policy benefits as actual damages for Defendants' violation of the section of the Texas Insurance Code.

28. Finally, Defendant failed to conduct a reasonable investigation, and refused to fully compensate Plaintiff under the terms of the policy. Specifically, Acceptance Indemnity Insurance Company performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. As such, Acceptance Indemnity Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices under TEX. INS. CODE §541.060(a)(7). Thus, Defendant's conduct caused Plaintiff to lose policy benefits to which they were entitled, and which should have been paid by Acceptance Indemnity Insurance Company. Plaintiff therefore, is entitled to recover policy benefits as actual damages, as well as attorney's fees, and cost for Defendant's violations of the section of the Texas Insurance Code. Id.

29. After receiving notice of Plaintiff's claim, Acceptance Indemnity Insurance Company failed to meet its obligations under the Texas Insurance Code regarding timely acknowledgement of Plaintiff's claims, requesting all information reasonably necessary to investigate their claim, and beginning the investigation of the claim within the statutorily mandated timelines. As such Acceptance Indemnity Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims Act, TEX. INS. CODE§ 542.055. Defendant's conduct caused Plaintiff to stuffer actual damages which constitute the loss of policy benefits to which Plaintiff is entitled, and which should have been paid by Acceptance Indemnity Insurance Company. Plaintiff therefore, is entitled to recover policy benefits as actual damages, as well as attorney's fees, interest, cost, and all other amounts to which they're entitled, for Defendant's

violation to the section of the Texas Insurance Code.

30. Acceptance Indemnity Insurance Company failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Acceptance Indemnity Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims Act under TEX. INS. CODE §542.056. Acceptance Indemnity Insurance Company's conduct caused Plaintiff to suffer actual damages which constitute the loss of policy benefits to which Plaintiff is entitled, and which should have been paid initially by Acceptance Indemnity Insurance Company. Plaintiff therefore, is entitled to recover policy benefits as actual damages for Acceptance Indemnity Insurance Company's violation the section of the Texas Insurance Code.

31. Acceptance Indemnity Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of Plaintiff's Claim without delay. Specifically, Acceptance Indemnity Insurance Company has delayed full payment of the Plaintiff's Claim longer than allowed, and to date, Plaintiff has not received full payment for their claim. As such, Acceptance Indemnity Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims Act under TEX. INS. CODE §542.058. As a result of Acceptance Indemnity Insurance Company's violation of §542.058 of the Texas insurance code, Plaintiff lost policy benefits to which they were entitled, and which Acceptance Indemnity Insurance Company should have paid Plaintiff timely. Plaintiff therefore, is entitled to recover policy benefits as their actual damages for Acceptance Indemnity Insurance Company's violation of this section of the Texas Insurance Code.

32. From and after the time Plaintiff's Claim was presented to Acceptance Indemnity Insurance Company, the liability of Acceptance Indemnity Insurance Company to pay the full Claim in accordance with the terms of the Policy was reasonably clear. However, Acceptance Indemnity

Insurance Company has refused to pay Plaintiff in full, despite there being no basis on which a reasonable insurance company would have relied to deny the full payment. As such, Acceptance Indemnity Insurance Company's conduct in this regard constitutes a breach of the common law duty of good faith and fair dealing.

33. Additionally, Acceptance Indemnity Insurance Company knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed from Plaintiff all or part of material information relevant to Plaintiff's Claim.

34. As a result of Acceptance Indemnity Insurance Company's wrongful acts and omissions, Plaintiff were forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action.

35. Plaintiff's experience is not an isolated case. The acts and omissions that Acceptance Indemnity Insurance Company committed in this case are similar to acts and omissions that occur with such frequency in their day to day handling of claims, that they constitute the general business practice of Acceptance Indemnity Insurance Company with regard to handling these types of claims. Acceptance Indemnity Insurance Company's entire process is unfairly designed to reach favorable outcomes for the company at the expense of policyholders, like Plaintiff here.

36. Acceptance Indemnity Insurance Company is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, fraud, and intentional breach of the common law duty of good faith and fair dealing.

37. All conditions precedent to Plaintiff's request for relief has been performed or has occurred, and/or Defendant waived the same. This includes, but is not limited to, providing notice pursuant to Texas Insurance Code 542A, and pre-litigation alternative dispute resolution, if any.

## IV. CAUSES OF ACTION

38. Acceptance Indemnity Insurance Company is liable to the Plaintiff for breach of contract,

violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, fraud, and breach of the common law duty of good faith and fair dealing.

### A.   BREACH OF CONTRACT

39. The acts and omissions in failing to timely and properly adjust the claim, refusing to inspect the damage, failing to take into consideration the roof and toppled trees, performing an outcome-oriented inspection, and the failure to timely and properly pay a claim all amount to breach of contract by Acceptance Indemnity Insurance Company.

### B. VIOLATIONS OF THE TEXAS INSURANCE CODE—UNFAIR SETTLEMENT PRACTICES

40. Acceptance Indemnity Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices Act. The acts and omission of Acceptance Indemnity Insurance Company in failing to properly and timely investigate the claim constitute a violation of the TEX. INS. CODE §541.060(a)(1). All violations are made actionable under the TEX. INS. CODE §541.151.

41. Falsehoods and misrepresentations under Texas law may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Acceptance Indemnity Insurance Company's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages are less severe than they in fact were, resulting in the undervaluing and under-scoping of Plaintiff's damages; (3) using the adjuster's and/or building consultant's statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Acceptance Indemnity Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance under TEX. INS. CODE § 541.060(1).

42. Acceptance Indemnity Insurance Company's unfair settlement practice, as described above,

of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Acceptance Indemnity Insurance Company's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance under, TEX. INS. CODE § 541.060(a)(2)(A).

43. Acceptance Indemnity Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy for its offer of a compromise, or settlement of the Claim, in relation to the facts or applicable law, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance under TEX. INS. CODE §541.060(3).

44. Acceptance Indemnity Insurance Company's unfair settlement practice, as described above, failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance under TEX. INS. CODE §541.060(4).

45. Acceptance Indemnity Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiff their full claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance under TEX. INS CODE §541.060(7).

**C. VIOLATIONS OF THE TEXAS INSURANCE CODE—PROMPT PAYMENT OF CLAIMS**

46. Acceptance Indemnity Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims Act. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

47. Acceptance Indemnity Insurance Company's failure to acknowledge receipt of Plaintiff's Claim, to commence investigation of the Claim, and to request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as

described above, constitutes a non-prompt payment of the Claim in violation of the Texas Insurance Code Section 542.055.

48.     Acceptance Indemnity Insurance Company's delay of the payment of Plaintiff's Claim following its receipt of all items, statements, and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim and a violation of this section under TEX. INS. CODE §542.058

**D. DECEPTIVE TRACE PRACTICES**

49.     Acceptance Indemnity Insurance Company's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM, CODE 17.41

50.     Plaintiff is a consumer of goods and services provided by Acceptance Indemnity Insurance Company pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Acceptance Indemnity Insurance Company. Specifically, Acceptance Indemnity Insurance Company's violations of the DTPA include, without limitation, the following matters:

> A.      By its acts, omissions, failures, and conduct, Acceptance Indemnity Insurance Company has violated sections 17.46(b)(2),(5),(7),(9),(12),(20) and (24) of the DTPA. Acceptance Indemnity Insurance Company's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's Claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.48(b)(2).
>
> B.      Acceptance Indemnity Insurance Company represented to Plaintiff that both the policy and Acceptance Indemnity Insurance Company's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. Acceptance Indemnity Insurance Company also represented to Plaintiff that both the policy and Acceptance Indemnity Insurance Company's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Furthermore, Acceptance Indemnity Insurance Company advertised the policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) if the DTPA.

E. Acceptance Indemnity Insurance Company breached an express warranty that the damages caused by wind and hail would be covered under the policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F. Acceptance Indemnity Insurance Company's actions are unconscionable in that Acceptance Indemnity Insurance Company took advantages of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Acceptance Indemnity Insurance Company's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA.

G. Acceptance Indemnity Insurance Company's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

51. Each of the above-described acts, omissions, and failures of Acceptance Indemnity Insurance Company is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**E. FRAUD**

52. Acceptance Indemnity Insurance Company is liable to Plaintiff for common law fraud.

**F. DUTY OF GOOD FAITH AND FAIR DEALING**

53. Acceptance Indemnity Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts – like the insurance Policy that existed between Plaintiff and Acceptance Indemnity Insurance Company.

54. Acceptance Indemnity Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, although at that time, Acceptance Indemnity Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

55. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Acceptance Indemnity Insurance Company knew were false or made recklessly without any knowledge of their truth as a positive assertion.

## V. MENCHACA/DAMAGES

56. The recent Texas Supreme Court case of *Menchaca* makes it clear that the Insurance Code damages owed are as a matter of law, at least the contractual minimum damages owed under the policy of insurance if there was a breach of the Insurance Code. The perceived requirement of "independent injury" was eliminated. Nonetheless the interior damage is an independent injury based on the failure to timely and properly pay for the repairs needed to prevent further damage.

## VI. RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

57. The Insurance Company is legally liable for and responsible for all acts/omissions and damages cause by the adjusters and its agents. All the acts and omissions were performed in the course and scope of their employment.

## VII. DAMAGES

58. Plaintiff would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

59. As previously mentioned, Plaintiff's Harvey damages have not been properly addressed or repaired, causing further damages to the Property while also causing undue hardship and a burden on Plaintiff. These damages are a direct result of Defendant mishandling of Plaintiff's Claim in violation of the laws set forth above.

60. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, for their purchase of the Policy, and for the amount of their Claim, together with attorney's fees under Texas Civil Practice & Remedies Code Section 38.001. All conditions precedent to Plaintiff's claims for relief has been performed or has occurred, and/or Acceptance Indemnity Insurance Company waived the same. This includes, but is not limited to, providing notice pursuant to Texas Insurance Code 542A.

61. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices Act, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorney's fees. For knowing conduct of the acts and conduct described and complained of above, Plaintiff is entitled to three (3) times their actual damages. TEX. INS. CODE §541.152.

62. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims Act, Plaintiff is entitled to simple interest on the amount of their Claim as damages each year at the rate determined on the date of judgment, by adding five percent (5%) to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. TEX. INS. CODE §542.060.

63. For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to

compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of amount Acceptance Indemnity Insurance Company owed, exemplary damages, and damages for emotional distress.

64. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court cost.

65. For the prosecution and collection of this Claim, Plaintiff has been compelled to engage the service of the attorney and firm whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

## VIII. PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

66. Plaintiff demands a jury trial and tenders the appropriate fee.

## IX. CONDITIONS PRECEDENT

67. All conditions precedent to the filing of this suit has been met, including providing the insurance company with an opportunity to inspect the property under. Texas Insurance Code §542A.001 *et. seq.*, and attempts at alternative dispute resolution.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein as the law directs, and that upon final hearing, Plaintiff has and recover judgment of, and from Defendant, a sum in excess of the minimum jurisdictional amounts of this Court, costs of court, pre-judgment, and post-judgment interest which may be authorized by law, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: */s/ Eric W. Newell*
ERIC W. NEWELL
Texas Bar No. 24046521
Email: eric_newell@bcoonlaw.com
215 Orleans
Beaumont, Texas 77701
Tel. (409) 835-2666
Fax. (866) 753-9080

Attorneys for Plaintiff
ONE WELLINGTON PLACE OF BEAUMONT OWNER ASSOCIATION